IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON C. NELSON, | ) CASE NO. 1:04CV732 |
| Petitioner, | ) |
| vs. | ) Judge John M. Manos |
| MICHELLE EBERLIN, WARDEN, | ) |
| Respondent. | ) MEMORANDUM OF OPINION |

On April 20, 2004, Petitioner, Brandon C. Nelson ("Nelson"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 2, 2005, a magistrate judge recommended that the petition be denied. On March 13, 2005, Nelson filed objections to the Magistrate's Report and Recommendation.

The Court finds that an evidentiary hearing is not necessary. For the reasons set forth below, the Court adopts the recommendation of the magistrate, and the petition is DENIED.

## I. FACTS

On November 30, 2000, Petitioner and three co-defendants burglarized the home of Betty Renn, an elderly woman. Once in the home, Betty Renn confronted the men. During the confrontation, Petitioner tackled Ms. Renn, rendering her unconscious, causing life-threatening blood clots in her head, and leaving her incapacitated for several months.

On December 5, 2000, Petitioner was in his home when his neighbor, an Ashtabula County Sheriff, knocked on the door and Petitioner's mother admitted him. Petitioner was arrested and taken to the Ashtabula County Sheriff's Department where he made a statement to the police describing his

role in the burglary.

On February 8, 2001, an Ashtabula County grand jury indicted Petitioner on one count of aggravated burglary, one count of felonious assault, and one count of theft.

At trial, Petitioner made a motion to suppress his oral and written statements. He contended that they were involuntary and that the Miranda Warnings were legally inadequate. After the court overruled the motion to suppress, Petitioner withdrew his not guilty plea and entered a plea of no contest to each of the three counts. The court accepted his plea of no contest and found him guilty on all three counts.

The Petitioner was sentenced to ten years for the aggravated burglary conviction, eight years for the felonious assault conviction, and one year for the theft conviction. All sentences were the maximum terms allowable and were to be served concurrently. (Doc. 11, Ex. 13; State v. Nelson, No. 2001-A-0076, 2002 WL 31744707 (Ohio Ct. App. Dec. 6, 2002)).

On April 2, 2001, the Petitioner filed a notice of appeal in the Ohio Eleventh District Court of Appeals. (Doc. 11, Ex. 9). Represented by new counsel, the Petitioner presented the following assignment of error:

> 1. The trial court erred by sentencing the appellant to the maximum term permitted by law.

On December 9, 2002, the Eleventh District Court of Appeals issued a judgement finding against the Petitioner and affirming the decision of the trial court. (Doc. 1, Ex. 13; Nelson, 2002 WL 31744707 at 8).

On January 22, 2003, the Petitioner appealed his conviction to the Ohio Supreme Court and raised the following proposition of law:

> 1.The record does not support the imposition of the maximum sentence in violation     of State v. Edmonson 1999. 86 Ohio St.3d 324 and the Eighth and Fourteenth Amendments of the U.S. Constitution. (Doc. 11, Ex. 15)

On April 23, 2003, the Ohio Supreme Court denied the Petitioner's leave to appeal and dismissed the claim as not involving any substantial constitutional question. (Doc. 11, Ex. 17; State v. Nelson, 786 N.E.2d 901 (2003)).

On March 5, 2003, the Petitioner, represented by a third attorney, filed a motion under Ohio App.R.26(B), to re-open his original appeal, presenting the following assignments of error to the Ohio Eleventh District Court of Appeals:

> 1. Trial counsel was ineffective under the Sixth and Fourteenth Amendments of the U.S. Constitution when he failed to recognize and argue that the appellant's arrest violated the Fourth and Fourteenth Amendments of the U.S. Constitution and Payton v. New York, 445 U.S. 573 (1980) and the appellant's statement must have been suppressed.
>
> 2. The trial court committed reversible error when it failed to afford the appellant the right to allocution under State v. Campbell, 90 Ohio St.3d 320 (2000) and the Due Process Clause of the Fourteenth Amendment.
>
> 3. The trial court failed to impose a sentence that was reasonably calculated and consistent with the sentences imposed for similar crimes committed by similar offenders in accordance with R.C. 2929.11(B) and the record failed to reflect such compliance. (Doc. 11, Ex. 18A).

On May 1, 2003, the Ohio Eleventh District Court of Appeals denied his Rule 26(B) motion with respect to the entry into his house, holding that the Petitioner's mother permitted the police to enter their house. The Court further held that the mother's consent negated a constitutional challenge to the entry without an arrest warrant. (Doc 12, Ex. 21; State v. Nelson, No.2001-A-0076, 2003 (Ohio Ct. App. May 1, 2003)). On May 7, 2003, the Petitioner filed a motion for reconsideration of the denial of his Rule 26(B) appeal based on probable cause and Kaupp v. Texas, 538 U.S. 626 (2003). (Doc. 12, Ex. 22). On June 26, 2003, the Ohio Eleventh District Court of Appeals denied the motion. The Court held, that in his motion to re-open, the Petitioner had made no previous claim of probable cause. (Doc 12, Ex. 23; State v. Nelson, No. 2001-A-0076, 2003 (Ohio Ct. App. June 26, 2003)).

On July 11, 2003, the Petitioner again made an appeal to the Ohio Supreme Court, raising three propositions of law:

> 1. The warrantless arrest of Mr. Nelson in his home violated his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and his subsequent statements and his subsequent statements must be suppressed. Appellate counsel's failure to raise this issue on direct appeal violated Mr. Nelson's right to the effective assistance under the Sixth and Fourteenth Amendments of the U.S. Constitution.
>
> 2. When a trial court fails to address the defendant personally and ask whether he wants to make a statement on his own behalf or present information in mitigation of punishment the due process clause of the Fourteenth and Crim.R. 32(A) are violated.

3. The record must reflect compliance with R.C. 2929.11 (B) in that a sentence must be reasonably calculated and consistent with sentences imposed for similar crimes committed by similar offenders.(Doc. 12, Ex. 25.).

On September 10, 2003, the Ohio Supreme Court dismissed the Petitioner's appeal as not involving any substantial constitutional question. (Doc. 12, Ex. 27; State v. Nelson, 795 N.E.2d 683 (2003)).

On April 20, 2004, the Petitioner filed this petition for a writ of habeas corpus. (Doc. 1). The petition alleges one claim for relief: ineffective assistance of counsel. Nelson's traverse states this claim:

1.The petitioner's arrest violated the Fourth and Fourteenth Amendments of the U.S. Constitution, and that counsel, both trial and appellate, were ineffective under the Sixth and Fourteenth Amendments for not raising the proper grounds for suppression of the petitioner's written and oral statements…(Doc. 13, at 2).

## II. LAW and ANALYSIS

A. Standard of Review.

This case is controlled by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C § 2254 ("AEDPA"). A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be granted if a federal constitutional right guaranteed to the petitioner was violated in the state court proceedings. Clemons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994); Serra v. Michigan Department of Corrections, 4 F.3d 1348, 1350 (6th Cir. 1993), cert. denied, 501 U.S. 1201 (1994). The petition will be granted if the errors in the state court proceedings precluded fundamental fairness at trial in violation of the petitioner's right to due process. Lundy v. Campbell, 888 F.2d 467, 470 (6th Cir. 1989), cert. denied, 495 U.S. 950 (1990).

B. A Plea of No Contest.

By a plea of no contest, the defendant waives the rights to a trial by jury, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. Ohio Crim.R.11(C)(2)(c). The defendant's plea of no contest does not preclude him from

-4-

asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress. Ohio Crim R (12)(I).

Petitioner's plea of no contest will not preclude him from federal habeas review. The petitioner entered a plea of no contest to each of the three indictments. He has maintained his right to assert that the trial court erred in denying his motion to suppress.

C. <u>Exhaustion of state remedies.</u>

A petitioner must exhaust state remedies before seeking habeas relief from the federal courts. 28 U.S.C. § 2254; <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). The petitioner has exhausted his state claims when the highest court in the state has had a fair and full opportunity to hear the habeas claims. <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994); <u>Manning v. Alexander</u>, 912 F.2d 878, 880-81 (6th Cir. 1990).

A petitioner must fairly present his federal claims in state court before this Court would have jurisdiction to consider the petition. <u>Baldwin v. Reese</u>, 541 U.S. 27 (2004); <u>Jacobs v. Mohr</u>, 265 F.3d 407, 415 (6th Cir. 2001). A petitioner's claim is considered fairly presented if he asserts both the factual and legal claim to the state courts. To fairly present the claim in the state courts, a petitioner must rely on federal constitutional issues. <u>Koontz v. Glossa</u>, 731 F.2d 365, 368 (6th Cir. 1984).

In the Sixth Circuit there are four factors for determining whether a petitioner has fairly presented his claim to the state courts: 1) reliance upon federal cases employing constitutional analysis; 2) reliance upon state cases employing constitutional analysis; 3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or 4) alleging facts well within the meaning of constitutional law. <u>McMeans v. Brigano</u>, 228 F.3d 674, 681 (6th Cir. 2000), <u>cert. denied</u>, 532 U.S. 958 (2001) (citing <u>Franklin v. Rose</u>, 811 F.2d 322, 325-26 (6th Cir. 1987)):

The Petitioner has appealed his conviction and the Ohio Supreme Court declined jurisdiction. This Court finds that the Ohio Supreme Court has had an opportunity to review the Petitioner's claims. Accordingly, the Petitioner has exhausted his state remedies.[1]

D. Procedural Default.

Procedural default generally bars habeas corpus review of federal claims which were not resolved on the merits by the state court because of the petitioner's failure to raise them as required by state procedure. Wainright v. Sykes, 433 U.S. 72, 87 (1977). When a prisoner has defaulted his federal claims pursuant to an independent and adequate state procedural rule, federal habeas review is barred absent a showing of cause and prejudice. Coleman v. Thompson, 501 U.S. 722 (1991).

This Court must conduct a four part analysis to determine if the petitioner has procedurally defaulted and if the default may be excused.

> 1)The court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule, 2) the court must decide whether the state courts actually enforced the state procedural action, 3) the court must decide whether the state procedural default is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim, 4) if the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent ground, the petitioner must demonstrate… that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986).

A federal court will be barred from reviewing a procedurally defaulted petition for writ of habeas corpus unless not hearing the review will result in a substantial miscarriage of justice. A court may reach the merits of a procedurally defaulted claim if the petitioner can demonstrate "the constitutional violation probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). A petitioner can establish actual innocence by establishing, "that it is more likely

---

1. In his objection to the Magistrate's Report and Recommendation, the Petitioner alleges that his mother did not consent to the sheriff's entry into the home. The objection to the Magistrate's Report and Recommendation is the first time the petitioner raises the consent claim. The Petitioner has not fairly presented his consent claim to the highest state court and this Court does not have jurisdiction to hear his claim.

than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." Schulp v. Delo, 513 U.S. 298, 327 (1995).

The Petitioner's claim of probable cause based upon Kaupp, is procedurally defaulted. The Petitioner, in his motion under Ohio App.R.26(B) to re-open his original appeal, claimed that there was no warrant or exigent circumstances. The Petitioner did not assert his probable cause claim in his direct appeal or his Rule 26(B) motion. (Doc. 11, Ex. 18A). The Petitioner first made the claim of probable cause based on Kaupp in his motion for reconsideration. On May 7th, 2003, the Ohio Eleventh District Court of Appeals found that the Petitioner had not raised the issue of probable cause in his direct appeal, or in his Rule 26(B) motion (Doc. 12, Ex. 22). Because the Petitioner has exhausted his direct appeals, he is now barred by the doctrine of procedural default from raising his claim of probable cause.

The doctrine of *res judicata* precludes a defendant from raising any claim that was raised or could have been raised at trial or on appeal. State v. Szefcyk, 671 N.E.2d 233 (Ohio 1996). Petitioner could have raised his probable cause claim in his Rule 26(B) motion. He did not raise this claim in his appeals, and is now barred from raising his claim of probable cause.

This Court will not excuse Petitioner's procedural default because he cannot satisfy the four-part Maupin test. *Res judicata* is an applicable state procedural rule that the Petitioner did not comply with when he did not assert his claim of probable cause in his direct appeal or his 26(B) motion. Ohio courts enforce the doctrine of *res judicata.* See Szefcyk, 671 N.E.2d at 233; State v. Cole, 443 N.E.2d 169 (Ohio 1992). Under the third step, "a rule is adequate if it is regularly or consistently applied by the state court, and is independent if it does not depend on a federal constitutional ruling." White v. Schotten, 201 F.3d 743, 751 (6th Cir. 2000). *Res judicata* is an adequate and independent state ground on which the state can foreclose review of a federal constitutional claim. Zent, 17 F.3d at 160. Consequently, the Petitioner does not satisfy the first three steps of the Maupin test.

The Petitioner has not demonstrated cause for his procedural default. Furthermore, he can not demonstrate that he was actually prejudiced by the alleged constitutional error. In Kaupp, the Supreme

-7-

Court held that the suspects removal to the police station was not consensual. The Court held "It cannot seriously be suggested that when the detectives began to question Kaupp, a reasonable person in his situation would have thought he was sitting in the interview room as a matter of choice, free to change his mind and go home to bed." Kaupp, 538 U.S. at 632. The Petitioner's mother consented to the Ashtabula Sheriff's entry into their home, therefore there is no constitutional challenge to the entry without an arrest warrant.

### E. Ineffective Assistance of Counsel.

The Petitioner claims that his trial and appellate counsel were ineffective for failing to raise the proper grounds for suppression. The Sixth Amendment of the U.S. Constitution guarantees the right to effective assistance of counsel. Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). The Supreme Court has established a two part test for ineffective assistance of counsel claims. First, the petitioner must show that his counsel was objectively unreasonable; second, he has the burden of establishing prejudice. Strickland v. Washington, 466 U.S. 668 (1994). The petitioner must show a reasonable probability that, but for his attorney's unreasonable performance, he would have succeeded on appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000). This standard is applicable to both trial and appellate counsel. Id.

Under the first part of the Strickland analysis, the court must indulge a strong presumption that counsel's assistance was reasonable. Strickland, 466 U.S. at 694. "Strategic decisions after thorough research and investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690-91.

Under the second prong of the analysis, the petitioner must demonstrate that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Under the prejudice context, a reasonable probability is one sufficient to undermine confidence in the outcome. Id. A court will determine prejudice by examining whether the result of the proceeding was fundamentally unfair or unreliable. Lockhard v. Fretwell, 506 U.S. 364,

-8-

369 (1993). If the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right, there is no unreliability. Id. at 372.

      F. Warrantless Arrest.

A confession obtained through the exploitation of an illegal arrest may not be used against a criminal defendant. Brown v. Illinois, 422 U.S. 590 (1975). The Fourth Amendment prohibits the police from warrantless entry into a suspects home to make an arrest absent exigent circumstances. Payton v. New York, 445 U.S. 573, 590 (1980). The Fourth Amendment requires that the police need either a warrant, or probable cause plus exigent circumstances, to make a lawful entry into the home. Kirk v. Louisiana, 536 U.S. 635, 638 (2002). However, the Fourth Amendment's prohibition on warrantless arrest does not apply to situations where voluntary consent has been obtained, either from the individual whose property is searched, or from a third party who possesses common authority over the premises. Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); United States v. Matlock, 415 U.S. 164 (1974).

Petitioner asserts that his counsel, both trial and appellate, were constitutionally ineffective under the Sixth and Fourteenth Amendments for not raising the proper ground for the suppression of his statements. Since the issue of probable cause is procedurally defaulted, the only issue before this Court is whether the Petitioner's trial and appellate counsel were ineffective for failing to argue that the Petitioner's arrest violated the Fourth and Fourteenth Amendments of the U.S. Constitution and Payton, because he was arrested without a warrant or exigent circumstances.

The first factor under the an ineffective assistance analysis would be whether the Petitioner's counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 689. The Fourth Amendment prohibition on warrantless arrest does not apply to situations where the police have obtained voluntary consent. Rodriguez, 497 U.S. at 181. The Petitioner's mother allowed the Ashtabula Sheriff to enter the home; therefore, Petitioner's trial and appellate counsel were not objectively unreasonable for not claiming that his statement should have been suppressed because he

was arrested without a warrant or exigent circumstances. Since Petitioner's counsel was not unreasonable it is unnecessary to address the prejudice prong of the Strickland analysis.

## IV. CONCLUSION

For the foregoing reasons, the Petition is DENIED.

The Court certifies that an appeal cannot be taken in good faith because the petitioner has not made a substantial showing of the denial of a constitutional right. See Fed. R. App. P. 22(b); 28 U.S.C § 2253©. The Court also certifies that a motion to proceed *in forma pauperis* on appeal cannot be well taken. See 28 U.S.C § 1915(a)(3).

IT IS SO ORDERED.


Issued: July 28, 2005                              s/ John M. Manos
                                                          UNITED STATES DISTRICT JUDGE